IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN M. CUSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:16-cv-573-NJR-DGW |
| ZACHARY ROECKEMAN, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are Plaintiff's Motions for Recruitment of Counsel (Docs. 3 and 27). For the reasons set forth below, the Motions are **DENIED**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education,

skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has met his threshold burden by showing that he has made reasonable, albeit unsuccessful, attempts to recruit counsel. However, the Court declines to recruit counsel as Plaintiff appears able to litigate this matter at this time. Although Plaintiff asserts that he is mentally ill and was recently transferred to Dixon Correctional Center's treatment center for the mentally ill, such circumstance does not necessarily warrant recruitment of counsel. First, the Court has reviewed Plaintiff's filings in this matter, including his complaint, and finds that he has the ability to read, write, and understand the English language. More specifically, Plaintiff was able to cogently set forth his claims and has demonstrated his ability to follow the directions of the Court. Second, Plaintiff's mental illness does not, by itself, necessarily warrant recruitment of counsel, particularly in light of the fact that Plaintiff represents he is currently being housed at Dixon's mental health treatment center, indicating that his mental illness is currently being managed. While the Court also acknowledges that Plaintiff is hearing impaired, he has not provided the Court with any information concerning how this impairment will affect his ability to make filings in this matter. If this matter is set for a hearing with the Court, Plaintiff should advise the Court of the specific limitations regarding his hearing and the Court can make special arrangements, if necessary.

Finally, the Court notes that recruitment of counsel at this time is premature as Defendants have not yet filed their answers and a scheduling order has not been entered. For these reasons, Plaintiff's motions for recruitment of counsel (Docs. 3 and 27) are **DENIED**.

```
```

**IT IS SO ORDERED.**

**DATED: September 9, 2016**

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**