IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN M. CUSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-573-NJR-DGW |
| ) | |
| ZACHARY ROECKEMAN, TIMOTHY) | |
| HEATHCOT, LT. BROWDER, MAJOR) | |
| GIRSHAM, and C/O CHILDERS, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion to Find Out Information (Doc. 32), the Motion to Reconsider (Doc. 39), the Motion to Respond (Doc. 40), and the Motion to Enter Witness Affidavit (Doc. 41), filed by Plaintiff, John M. Custer.

In the first Motion (Doc. 32), Plaintiff states that he intended to sue Correctional Officer Childress and not Correctional Officer Childers (whose true and full name is Shane Childers according to the Answer (Doc. 33)). The Court construes this motion as one to amend the Complaint and **GRANTS** the same. Plaintiff typically would be required to file an amended pleading setting forth all of his claims. However, as it appears that Plaintiff is merely seeking to amend in order to change the name of a Defendant, an amended complaint is not required. It is hereby found that to the extent that Plaintiff has made any claim against "Childers" such a claim is now made against "Childress;" and, by extension, Childers is **TERMINATED** from this matter.

In light of this ruling, the Counts as set forth by the Court in the July 18, 2016 Order are modified as follows:

**Count 1:** Eighth Amendment excessive force claim against Defendant Heathcoat

    for the incident that occurred on July 31, 2015;

    **Count 2:** Verbal harassment claim against Defendants Heathcoat, Browder, Childress, and Grisham under the First and Eighth Amendments;

    **Count 3:** Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Roeckeman, Heathcoat, Browder, and Childress for failure to treat injuries that occurred on July 31, 2015; and

    **Count 6:** State law claims for assault, battery, and negligence against Defendant Heathcoat.

The Clerk of Court shall prepare for Defendant **CHILDRESS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to the Defendant's place of employment, the Big Muddy River Correctional Center. If Defendant Childress fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Mr. Childress, and the Court will require that Mr. Childress pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

    If Mr. Childress no longer can be found at the Big Muddy River Correctional Center, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

    The remaining Motions, the Motion to Reconsider (Doc. 39), the Motion in Response (Doc. 40), and the Motion to Enter Witness Affidavit (Doc. 41), are **DENIED**. Plaintiff is directed to consult the Scheduling Order entered on October 6, 2016. If Defendants file a motion

for summary judgment on the issue of exhaustion of administrative remedies, Plaintiff may raise his arguments and facts in a response thereto. If they do not file such a motion, there is no need to file such information with the Court. Plaintiff may submit any relevant evidence in support of a motion for summary judgment on the merits, or in response thereto (again if one is filed). He should not file such evidence with the Court unless it is related to a motion seeking relief or is in response to a motion seeking relief. Finally, Plaintiff is again informed the Federal Rule of Civil Procedure 7 does not require responses to an Answer or affirmative defenses and none should be filed in this matter.

**DATED: October 18, 2016**

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**