IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN M. CUSTER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:16-CV-00573-NJR-DGW ) |
| ZACHARY ROECKEMAN, TIMOTHY HEATHCOAT, LT. BROWDER, MAJOR GRISHAM, and C/O CHILDERS, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 74), which recommends granting in part, denying in part, and finding moot in part the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Roeckeman, Heathcoat, Browder, Grisham, and Childers (Doc. 57). For the reasons explained below, the Court adopts Magistrate Judge Wilkerson's Report and Recommendation.

On May 24, 2016, Plaintiff John Custer filed a complaint pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights while he was an inmate at Big Muddy Correctional Center. After an initial screening of his complaint pursuant to 28 U.S.C. § 1915A, Custer is proceeding on four counts. Specifically, Custer alleges an Eighth Amendment excessive force claim against Defendant Heathcoat for twisting his arm and slamming him into a table on July 31, 2015 (Count One); a verbal harassment claim against Defendants Heathcoat, Browder, Childers, and Grisham under the First

and Eighth Amendments (Count Two); a claim of Eighth Amendment deliberate indifference to serious medical needs against Defendants Roeckeman, Heathcoat, Browder, and Childers (Count Three); and state law claims for assault and battery against Defendant Heathcoat (Count Six).

On January 26, 2017, Defendants filed a motion for summary judgment on the issue of exhaustion of administrative remedies (Doc. 57). Custer initially filed a response *pro se* on March 2, 2017 (Doc. 60). The Court appointed counsel on March 3, 2017, who then filed a supplemental response in opposition to summary judgment on May 18, 2017 (Doc. 71). On June 5, 2017, Magistrate Judge Wilkerson held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) (Doc. 73), and subsequently issued the Report and Recommendation currently before the Court. Objections to the Report and Recommendation were due June 22, 2017. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). No objections were filed.

In his Report and Recommendation, Magistrate Judge Wilkerson first recommended that the motion for summary judgment filed by Defendant Heathcoat be found moot, as Defendant Heathcoat withdrew his motion at the *Pavey* hearing. Magistrate Judge Wilkerson next found that Custer's September 25, 2015 grievance was sufficiently exhausted, as it was reviewed on the merits by the Administrative Review Board ("ARB") and signed by the Director of the Illinois Department of Corrections ("IDOC"). Based on the evidence in the record, as well as testimony provided by Custer at the *Pavey* hearing, Magistrate Judge Wilkerson found the September 25, 2015 grievance was sufficient to exhaust Custer's deliberate indifference claim against

Defendant Roeckeman. With regard to Defendants Browder, Childers, and Grisham, however, Magistrate Judge Wilkerson found that Custer failed to exhaust his administrative remedies prior to filing this lawsuit, as he filed no grievances related to their alleged conduct. In addition to there being no evidence in the record to support Custer's claims, Magistrate Judge Wilkerson found Custer's testimony related to these Defendants was not credible. As a result, Magistrate Judge Wilkerson recommended that the motion for summary judgment be granted as to Defendants Browder, Childers, and Grisham, but denied as to Defendant Roeckeman.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While a *de novo* review is not required here, the Court has carefully reviewed the evidence and Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. Custer's September 25, 2015 grievance, of which the

Court does not have a full copy, references the incident involving Defendant Heathcoat and seeks proper care for Custer's shoulder injury. Magistrate Judge Wilkerson found Custer credible in his testimony that the missing portion of the grievance complained about Defendant Roeckeman's refusal to ensure he received adequate medical attention. Thus, the September 25, 2015 grievance, which was reviewed on the merits by the ARB on February 11, 2016, and signed by the IDOC Director on February 16, 2016, was sufficiently exhausted as to Defendant Roeckeman.

With regard to Defendants Browder, Childers, and Grisham, however, the Court agrees there are no grievances in the record related to their alleged conduct. Furthermore, Magistrate Judge Wilkerson did not find Custer credible in his testimony that he tried to submit grievances related to these Defendants but that his counselor was refusing to handle any of his grievances. It is not the Court's role to second-guess Magistrate Judge Wilkerson's credibility determinations. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations."). Accordingly, the Court agrees with Magistrate Judge Wilkerson that Custer did not exhaust his administrative remedies with regard to these Defendants.

The Court finds no clear error in Magistrate Judge Wilkerson's Report and Recommendation. Thus, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 74) in its entirety. The Motion for Summary Judgment is **DENIED** as to Defendant Roeckeman and is **MOOT** as to Defendant Heathcoat. Because

Custer did not exhaust his administrative remedies with regard to Defendants Browder, Childers, or Grisham, however, the Motion for Summary Judgment is **GRANTED** as to these Defendants. Defendants Browder, Childers, and Grisham are **DISMISSED without prejudice**.

    **IT IS SO ORDERED.**

    DATED:   September 5, 2017

                                                      _____
                                                      **NANCY J. ROSENSTENGEL**
                                                      **United States District Judge**